Dear Ms. Beebe:
You have requested an opinion of this office concerning a situation involving the St. Landry Parish School Board in which you expressed concerns of possible constitutional and ethical violations by that Board or some of its members.
The facts relevant to your inquiries, as related to us in your letter of August 17, 1992, concern the consideration by the School Board of grade change allegations against a principal within the School Board's jurisdiction. As it appears from your letter, a St. Landry Parish School Board member obtained the records of a student who allegedly received a grade "altered" by the principal at issue. These records were delivered to the Louisiana Department of Education. Upon hearing that the records were given to the Department, Mr. Raymond Fontenot, St. Landry Parish Superintendent of Schools, was notified and thereafter ordered an internal investigation of the alleged grade changes. A committee was formed to review this matter. One of the members of the review committee was a teacher who is related by marriage to a School Board member. After an investigation by the review committee, the School Board decided to vote on the termination of the principal and the School Board member related to the member of the review committee did not recuse himself from voting on the issue. From these facts, your concerns as to the following issues have arisen:
 (1) Were the student's records which were delivered to the Department of Education, to prove allegations of grade alteration, done so in a manner which was in violation of that student's constitutional right to privacy?
 (2) Was there an ethical violation in allowing a School Board member, who is related to a member of the review committee, to vote on the allegations against the accused principal which resulted in his termination?
First, the United States Supreme Court has ruled that upon entering a public school a student does not lose his or her constitutional rights, including the right to privacy. This right protects the student from unreasonable intrusions into his or her confidential records. However, this right is not absolute. It may be waived by the student's parents. Further, in certain circumstances the State may have access to these records where it is found that there is an interest which outweighs the student's privacy rights.
The right to privacy as it concerns educational records is codified at 20 U.S.C. § 1232g. This statute includes certain exceptions in which school system personnel may have access to student's records without parental consent.
Adoption of local policies concerning access to student records consistent with this constitutional privacy right and20 U.S.C. § 1232g is authorized by the State Board of Elementary and Secondary Education. See, Bulletin 741 — MAINTENANCE AND USE OF SYSTEM RECORDS AND USE OF SYSTEM RECORDS AND REPORTS (1.025.00-1.025.05) St. Landry Parish School Board has adopted such a policy. According to the Board's policy a student's records are available to "school personnel" within the school system for purposes of "working toward either the affective or cognitive goals of the system." School personnel is defined as "any person or persons under contract to the system . . ." Further, under this same policy, where student records are released outside of the school system to the State Department of Education the student's name and all identifying marks must be removed first.
It is the opinion of this office that the release of a student's records to a School Board member is not authorized by this policy because a School Board member is not under contract and therefore is not school personnel as defined by that policy.
Further, according to the Board's policy, data released to the Department of Education must be free of any identifying information. This rule should not be circumvented by releasing a student's records to a School Board member who intends to use them for the purpose of going to the Department. Under the facts of this case as you present them, it is our opinion that the student's parents should have been notified and consent given before these records were released.
In regard to your second inquiry concerning a possible ethical breach, it should be noted that it is not the duty of this office to rule on questions of ethical violations by governmental officials and any opinion by this office regarding such questions would not be considered definitive. If you require further review of this issue, the Board of Ethics for Elected Officials should be contacted.
In conclusion, it is the opinion of this office that under St. Landry Parish School Board's policy the release of a student's records to a School Board member for the purpose of delivering them to the Department of Education without first obtaining the consent of the student's parents is improper, and a violation of that student's right to privacy. Further, an opinion of the Board of Ethics for Elected Officials should be sought.
I hope that this sufficiently addresses your inquiries. If you require any further assistance, please feel free to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0223p